IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SHEILA CARSON, | ) | |
| | ) | |
| Plaintiff, | ) | 08 C 50 |
| | ) | |
| v. | ) | Judge Gottschall |
| | ) | |
| P.O. R. BRIONES, #19024, | ) | JURY DEMANDED |
| | ) | |
| Defendants. | ) | |

**DEFENDANT BRIONES' ANSWER, DEFENSES
AND JURY DEMAND TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant, Chicago Police Officer Ruben Briones, by one of his attorneys, Kathryn M. Doi, Assistant Corporation Counsel for the City of Chicago, hereby submits his answer, defenses and jury demand to Plaintiff's First Amended Complaint as follows:

**COUNT I - FALSE ARREST**

1. This action is brought pursuant to the United States Constitution as protected under 42 U.S.C. § 1983 and §1988 and the laws of the State of Illinois.

    **ANSWER**: Defendant Briones admits the allegations contained in this paragraph.

2. Jurisdiction over this action is based upon 28 U.S.C. §1331 and §1343 and supplemental jurisdiction over pendent claims under the law of the State of Illinois.

    **ANSWER**: Defendant Briones admits that jurisdiction is proper.

3. The Plaintiff, SHEILA CARSON, was at all times United States citizens [*sic*] and permanent residents [*sic*] of the State of Illinois.

    **ANSWER**: Defendant Briones is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

4. The Defendant, P.O. R. BRIONES, was at all relevant times a duly appointed officer of the City of Chicago Police Department.

**ANSWER**: Defendant Briones admits the allegations contained in this paragraph.

5. At all relevant times, the Defendant, P.O. R. BRIONES, was acting under color of law and within the scope of his employment as a police officer.

**ANSWER**: Defendant Briones admits the allegations contained in this paragraph.

6. On or about January 26, 2007, the Plaintiff was at her home when the defendant and other Chicago police officers came to her door and asked if she has identification for her daughter who supposedly had just been arrested.

**ANSWER**: Defendant Briones denies that he was present at Plaintiff's home on or about January 26, 2007, and therefore is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

7. SHEILA CARSON was not breaking any laws or committing any crimes.

**ANSWER**: Defendant Briones denies that he was present at Plaintiff's home on or about January 26, 2007, and therefore is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph as to Plaintiff's actions on that date.

8. SHEILA CARSON had not violated any laws.

**ANSWER**: Defendant Briones denies the allegations contained in this paragraph.

9. The Plaintiff, SHEILA CARSON, was arrested, handcuffed and transported to the police station.

**ANSWER**: Defendant Briones admits the allegations contained in this paragraph.

10. Defendant did not have probable cause to arrest SHEILA CARSON.

**ANSWER**: Defendant Briones denies the allegations contained in this paragraph.

11. The actions of Defendant, P.O. R. BRIONES, were intentional, willful and wanton.

**ANSWER**: Defendant Briones denies the allegations contained in this paragraph.

12.    Said actions of Defendant, P.O. R. BRIONES, violated the Plaintiff, SHEILA CARSON'S, Fourth and Fourteenth Amendment Rights of the United States Constitution and were in violation of said rights as protected by 42 U.S.C. §1983.

**ANSWER**:  Defendant Briones denies the allegations contained in this paragraph.

13.    As a direct and proximate result of said conduct of Defendant, P.O. R. BRIONES, the Plaintiff, SHEILA CARSON, suffered violations of her constitutional rights, emotional anxiety, humiliation, fear, pain, suffering, monetary loss and future pain and suffering.

**ANSWER**:  Defendant Briones denies the allegations contained in this paragraph.

**WHEREFORE**, Defendant Briones requests that judgment be entered in his favor and against Plaintiff, for costs of defending this suit and any other relief this Honorable Court deems necessary and proper.

## COUNT II - MALICIOUS PROSECUTION

1-8.    The Plaintiff hereby restates and incorporates the allegations of paragraphs 3-10 of this Complaint as the respective allegations of paragraphs 1-11 of count II as though fully set forth herein.

**ANSWER**:  Defendant Briones' answers to the foregoing paragraphs 3-10 are incorporated by reference as though fully set forth in this count II.

9.    The Defendant proceeded with the charges against SHEILA CARSON, knowing they were false.

**ANSWER**:  Defendant Briones denies the allegations contained in this paragraph.

10.    The criminal charges were resolved in favor of the Plaintiff, SHEILA CARSON.

**ANSWER**:  Defendant Briones admits that Plaintiff was found not guilty by the judge in her criminal case.  Defendant Briones denies the remaining allegations contained in this paragraph.

11.    As a direct and proximate result of said conduct of Defendant P.O. R. BRIONES, the Plaintiff, SHEILA CARSON, suffered violations of her constitutional rights, emotional

anxiety, humiliation, fear, pain, suffering, monetary loss, and future pain and suffering.

**ANSWER**:  Defendant Briones denies the allegations contained in this paragraph.

**WHEREFORE**, Defendant Briones requests that judgment be entered in his favor and against Plaintiff, for costs of defending this suit and any other relief this Honorable Court deems necessary and proper.

## AFFIRMATIVE DEFENSES

1.　　Defendant Briones is a government official, namely a police officer, who performs discretionary functions.  At all times material to the events alleged in Plaintiff's Complaint, a reasonably competent police officer, objectively viewing the facts and circumstances then confronting Defendant Briones, could have believed his actions in relation to the arrest of Plaintiff to be lawful, in light of clearly established law and the information that Defendant Briones possessed.  Defendant Briones is therefore entitled to qualified immunity on Plaintiff's claims under federal law.

2.　　Under the Illinois Tort Immunity Act, Defendant Briones is not liable for any of the state law claims alleged because a public employee is not liable for his or her acts or omissions in the execution or enforcement of any law, unless such acts or omissions constitute wilful and wanton conduct.  Defendant Briones' actions were performed in the execution and enforcement of the law and were not wilful and wanton.  Defendant Briones is thus immune from liability. 745 ILCS 10/2-202.

3.　　 Under the Illinois Tort Immunity Act, Defendant Briones is not liable for any of the state law claims alleged because a public employee, as such and acting within the scope of his or her employment, is not liable for any injury caused by the act or omission of another person.

745 ILCS 10/2-204.

    4.    Under the Illinois Tort Immunity Act, Defendant Briones is not liable for any of the state law claims alleged because the decision as to what action to take with regard to Plaintiff was a discretionary decision for which the City and its employees are immune from liability. 745 ILCS 10/2-201.

## JURY DEMAND

Defendant, Ruben Briones, requests trial by jury.

Respectfully Submitted,

**/s/ Kathryn M. Doi**
KATHRYN M. DOI
Assistant Corporation Counsel

30 N. LaSalle, Suite 1400
Chicago, IL 60602
(312) 744-0742
Attorney No. 6274825